FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 14 2020

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STESON SKENDER, Individually and on Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                              No. 4:20-cv-54-BRW

**EDEN ISLE CORPORATION
and GARY REDD**                                                                **DEFENDANTS**

This case assigned to District Judge Wilson
and to Magistrate Judge Volpe

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Stetson Skender, individually and on behalf of all others similarly situated, by and through his attorneys Josh Sanford and Lydia H. Hamlet of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Eden Isle Corporation and Gary Redd (collectively "Defendant" or "Defendants"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Stetson Skender ("Plaintiff"), individually and on behalf of all others similarly situated, against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper minimum wage and overtime compensation under the FLSA and the AMWA.

## II.  JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

6. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Plaintiff is an individual and resident of Cleburne County.

8. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

9. Separate Defendant Eden Isle Corporation ("EIC") is a domestic, nonprofit corporation.

10. EIC's registered agent is Margie L. Wynn, at 335 Sugar Maple Drive, Heber Springs, Arkansas 72543.

11. Separate Defendant Gary Redd ("Redd") is an individual and domiciliary of Arkansas.

12. Redd is the president of the EIC board of directors.

13. Redd manages and controls the day-to-day operations of EIC, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

14. Defendants' principal business is maintaining the grounds and facilities of Eden Isle.

15. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

16. Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

17. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

## IV.    FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

19. Plaintiff worked for Defendant as an hourly-paid maintenance supervisor from approximately July of 2016 to December of 2019.

20. As a maintenance supervisor, Plaintiff performed duties on Defendant's behalf such as cleaning the facilities, procuring supplies, and processing paperwork such as receipts and payroll.

21. Defendant classified Plaintiff and other hourly-paid employees as nonexempt from the provisions of the FLSA.

22.     Plaintiff's regularly scheduled hours were 7:00 AM to 3:30 PM, Monday through Friday.

23.     However, Plaintiff frequently worked more hours than he was scheduled, and these hours often went unrecorded and uncompensated.

24.     Plaintiff's duties during these "off-the-clock" hours included responding to calls and text messages from Redd, which often required him to return to the Eden Isle after-hours.

25.     Plaintiff tracked his time using Defendant's timecard system, but Defendant failed and refused to adjust Plaintiff's timecard to reflect his after-hours, off-the-clock work.

26.     These off-the-clock hours amounted to at least seven (7) additional hours per week for which Plaintiff was not compensated.

27.     Defendant knew or should have known that Plaintiff was working additional hours off-the-clock for which he was not compensated.

28.     Plaintiff and similarly situated employees regularly worked over forty (40) hours in a week.

29.     Plaintiff and similarly situated employees regularly failed to receive an overtime premium for hours worked over forty (40) in a week.

30.     Defendant knew or should have known that its actions violated the requirements of the FLSA and the AMWA.

### V.     REPRESENTATIVE ACTION ALLEGATIONS

31.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

32. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty (40) hours in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

33. Plaintiff proposes the following class under the FLSA:

**All hourly employees within the last three years.**

34. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

35. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

36. The members of the proposed FLSA class are similarly situated in that they share these traits:

    A. They were subject to Defendant's common policy of failing to pay a sufficient overtime premium for all hours worked over forty (40) per week;

    B. They recorded their time in the same manner; and

    C. They had substantially similar job duties, requirements, and pay provisions.

37. Plaintiff is unable to state the exact number of the class but believes that the class is exceeds twenty (20) persons.

38. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

39. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

40. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

45. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

46. Defendant failed to pay Plaintiff for all hours worked, including failing to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours per week.

47. Defendant knew or should have known that its actions violated the FLSA.

48. Defendant's conduct and practices, as described above, were willful.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

50. Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

51. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

52. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

53. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

54. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56. Defendant classified Plaintiff and similarly situated employees as non-exempt from the overtime provisions of the FLSA.

57. Defendant failed to pay Plaintiff and similarly situated employees one and one-half times their regular rate for all hours worked in excess of forty hours per week.

58. Defendant knew or should have known that its actions violated the FLSA.

59. Defendant's conduct, as described above, has been willful.

60. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

61. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the class members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violation)

63. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

64. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

65. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

66. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

67. Defendant classified Plaintiff as non-exempt from the requirements of the AMWA.

68. Defendant failed to pay Plaintiff for all hours worked, including failing to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

69. Defendant knew or should have known that its practices violated the AMWA.

70. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.  **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Stetson Skender, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime compensation under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**STETSON SKENDER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Lydia H. Hamlet*
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STESON SKENDER, Individually and on
Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                                    No. 4:20-cv-54-BRW

**EDEN ISLE CORPORATION**                                                    **DEFENDANTS**
**and GARY REDD**

### CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for Eden Isle Corporation and Gary Redd within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**STETSON SKENDER**

January 14, 2020


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**