IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STETSON SKENDER, Individually and on**                                                            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

**VS.**                              **NO. 4:20-cv-00054-BRW**

**EDEN ISLE CORPORATION and GARY REDD**                                 **DEFENDANTS**

<u>**ORDER**</u>

Pending is Plaintiff's Rule 59(e) Motion to Amend Judgment Under Rule (Doc. No. 27). Defendants have responded and Plaintiff replied.[1] As set out below, the motion is GRANTED.

**I.    BACKGROUND**

Defendants filed a Motion for Summary Judgment on March 22, 2021. The motion became ripe on April 22, 2021, I granted summary judgment on April 29, 2021.[2] Thirty-five minutes later, Plaintiff accepted the offer of judgment that Defendants extended six days earlier.[3] Now, Plaintiff seeks to amend the judgment consistent with the terms of the accepted offer.

**II.    DISCUSSION**

Numerous courts facing a similar timing issue have held that a summary judgment order nullifies an offer of judgment if entered before the time to accept the offer passes.[4] In other

---

[1] Doc. Nos. 30, 31.

[2] Doc. Nos. 19, 21, 24.

[3] Doc. No. 25.

[4] *Collar v. Abalux*, Inc., 895 F.3d 1278, 1284 (11th Cir. 2018) ("Rule 68(a) requires the clerk, as a ministerial act, to enter a judgment that a defendant has "offer[ed] to allow" while "defending against a claim." Fed. R. Civ. P. 68(a). A defendant is no longer "defending against a claim" after a district court enters a final judgment in its favor. Like the commencement of trial, the entry of a final judgment ends the operation of Rule 68(a)."); *Sershen v. Cholish*, No. 3:07-CV-1011, 2010 WL 1626930, at *2 (M.D. Pa. Apr. 20, 2010) (holding that once summary judgment is granted, "the defendant can no longer offer a judgment because a judgment has

words, a plaintiff can no longer accept the outstanding offer, there ceases to be an offer to accept once a summary judgment closes the case. I agree. One court explained it this way:

> This court granted summary judgment in favor of defendant pursuant to Rule 56 and thereby ended the litigation. Aware of that fact, plaintiff nonetheless "accepted" the outstanding Rule 68 offer and thereby took steps to override our considered judgment through a ministerial act of the Clerk of Court. Nothing in the plain language or history of Rule 68 compels us to allow such an extraordinary result.[5]

Unfortunately, the Eighth Circuit has held to the contrary.[6] Seeing no way to distinguish *Perkins v. U.S. W. Commc'ns* from the situation here, I am bound by it.[7]

---

already been entered by the district court. As such, the defendant's Rule 68 offer becomes a nullity with respect to that party."); *T Smith v. Se. Pennsylvania Transp. Auth.*, 258 F.R.D. 300, 302 (E.D. Pa. 2009) (holding that if a plaintiff was allowed to accept an offer of judgment after summary judgment was granted, "the plaintiff would be able to vitiate unilaterally a final order of this court. Moreover, since summary judgment had already been entered and the case had come to an end, permitting the second judgment to stand would in no way effectuate the purpose of Rule 68, which is to encourage settlement, and would not "secure the just, speedy, and inexpensive determination of ... [the] action," under Rule 1."); *Day v. Krystal Co.*, 241 F.R.D. 474, 478 (E.D. Tenn. 2007) ("However, when a plaintiff attempts to accept the offer under circumstances not contemplated by the rule, the mandatory nature of the rule is absolved . . . there is nothing in the plain language or history of Rule 68 to suggest a plaintiff can override a final judgment by accepting an offer of judgment."); *Preuss v. Stevens*, 721 P.2d 664 (Ariz. Ct. App. 1986) (holding that a court's "decision on a motion for summary judgment prior to acceptance [of offer of judgment] destroys the purposes for which the rule was designed and we hold that the offer of judgment was ineffectual for any purpose.); *Wersch v. Radnor/Landgrant–A Phoenix P'ship*, 961 P.2d 1047, 1049 (Ariz. Ct. App. 1997) ("Nothing in the history of Rule 68 suggests the 30–day provision was intended to allow a plaintiff to override a judgment by accepting an offer of judgment.").

[5]*T Smith*, 258 F.R.D. at 302 (E.D. Pa. 2009).

[6]*Perkins v. U.S. W. Commc'ns*, 138 F.3d 336, 339 (8th Cir. 1998) ("We conclude that the plain language of Rule 68 mandates that an offer of judgment remain valid and open for acceptance for the full ten-day period outlined in the Rule despite an intervening grant of summary judgment by the district court.").

[7]Defendants attempt to distinguish *Perkins* by pointing out that no trial date had been set, but, here, trial was imminent. However, when the offer was made in this case, trial was a month out, so Defendants could have waited two more weeks for a ruling on the pending motion. Additionally, as set out in *Perkins*, the offer could have been conditioned on the summary judgment not being granted.

2

Notably, when it comes to another Rule – Rule 55, default judgment – "[t]he judicial preference for adjudication on the merits goes to the fundamental fairness of the adjudicatory process."[8] Apparently that preference does not apply in this situation, despite there being a well-reasoned ruling on the merits. Again, I find it troublesome that a rule technicality would trump a summary judgment order. Rule 68 appears to be at odds with Rule 56 in this situation, but that is not an issue for me to resolve.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Rule 59(e) Motion to Amend Judgment Under Rule (Doc. No. 27) is GRANTED. Accordingly, the April 29, 2021 Judgment (Doc. No. 26) is VACATED. The Clerk of the Court is directed to file the accepted offer of judgment (Doc. No. 25-1) as the judgment in this case.

IT IS SO ORDERED this 25th day of May, 2021.

                                        Billy Roy Wilson
                                        UNITED STATES DISTRICT JUDGE

---

[8] *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).