IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| STETSON SKENDER, Individually and on Behalf of All Others Similarly Situated | PLAINTIFF |
| VS. | NO. 4:20-cv-00054-BRW |
| EDEN ISLE CORPORATION and GARY REDD | DEFENDANTS |

**DEFENDANTS' RESPONSE
TO MOTION FOR COSTS AND ATTORNEYS' FEES**

**I. INTRODUCTION
AND DISCUSSION OF RELEVANT FACTS**

Defendants Eden Isle Corporation and Gary Redd served an offer of judgment in the amount of $4,000.00 on April 23, 2021. Plaintiff only accepted the offer after the Court granted summary judgment to defendants on all claims but now contends that he "successfully" litigated his claims against defendants and asks this Court for over $30,000.00 in attorneys' fees incurred through June 3, 2021. Based on plaintiff's request for unreasonable hourly rates for his counsel and other issues surrounding the fees/costs billed, as well as plaintiff's limited success and the express language of defendants' offer of judgment, the Court should significantly reduce any award of attorneys' fees and costs.

Plaintiff filed his original complaint—collective action on January 14, 2020, alleging straightforward overtime claims under the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA). Although plaintiff filed this action not just on his own behalf, but on behalf of all others similarly situated, he did not

seek conditional certification of a collective under the FLSA. Plaintiff estimated in discovery that he was entitled to between $12,351.38 and $83,867.50 in damages (Doc. 14-4).

After discovery ended, the Court granted summary judgment on all claims and entered a final judgment in defendants' favor on April 29, 2021 (Docs. 24, 26). Approximately 30 minutes after the Court entered its summary judgment order, plaintiff accepted the offer of judgment that defendants served on April 23, 2021 (Doc 25-1). Defendants' offer states, in relevant part, that "[d]efendants will pay … plaintiff's counsel an award of reasonable attorneys' fees and costs **now accrued** within the meaning of Rule 68 to be determined by the Court on a properly supported motion…" (Doc. 25-1) (emphasis added).

Plaintiff subsequently moved to amend the final judgment consistent with the terms of the accepted offer (Doc. 27), and defendants opposed plaintiff's motion (Doc. 29). Although this Court agreed with the holdings of numerous courts that have faced a similar timing issue—*i.e.,* "a summary judgment order nullifies an offer of judgment if entered before the time to accept the offer passes"—the Court granted plaintiff's motion to amend judgment based on Eighth Circuit precedent and directed the Clerk of the Court to file the accepted offer of judgment as the judgment in this case (Doc. 32). The Clerk entered judgment in favor of plaintiff on May 25, 2021 (Doc. 33).[1]

---

[1] Defendants filed a timely notice of appeal from the order granting plaintiff's opposed motion to amend judgment pursuant to Rule 59(e) (Doc. 32) and judgment (Doc. 33) entered in this case. For the reasons set forth in their response to plaintiff's opposed motion and brief in support (Docs. 29, 30), defendants maintain that their offer of judgment became a nullity with respect to plaintiff when this Court entered summary judgment in their favor.

Plaintiff now seeks $30,681.70 in attorneys' fees and $1,225.20 in costs, including $825.00 for use of a private process server (Doc. 37-3). In calculating and presenting to the Court his request for attorneys' fees, plaintiff seeks the following rates for 13 Sanford Law Firm (SLF) timekeepers, including 10 different attorneys:

| Billed By | Rate |
|---|---|
| Anna Stiritz | $300.00 |
| April Rhéaume | $230.00 |
| Courtney Lowery | $210.00 |
| Josh Sanford | $383.00 |
| Law Clerk | $75.00 |
| Lydia H. Hamlet | $285.00 |
| Paralegal | $100.00 |
| Rebecca Matlock | $230.00 |
| Sean Short | $250.00 |
| Stacy Gibson | $240.00 |
| Staff | $60.00 |
| Steve Rauls | $285.00 |
| Vanessa Kinney | $300.00 |

(Doc. 37-2, ¶ 18).

The hourly rates by Attorney Stiritz, Attorney Lowery, Attorney Sanford, Attorney Hamlet, Attorney Matlock, Attorney Rauls and Attorney Kinney are not reasonable.[2] And much of the time presented in plaintiff's Billing Spreadsheet is duplicative, inefficient, or unnecessary or administrative tasks that should not be counted (Doc. 37-1); other time is improperly block-billed or unclearly labeled. In view of these issues, as well as plaintiff's lack of success on defendants' motion for summary judgment and limited fee recovery permitted under defendants' offer of

---

[2] Plaintiff's self-discounted fee request does not include time billed by Attorney Rhéaume, Attorney Short, or Attorney Gibson (Doc. 37-2, ¶ 18).

judgment, the Court should significantly reduce any award of attorneys' fees and costs.

## II. ARGUMENT

When calculating a reasonable attorney's fee, district courts use the lodestar method, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Al-Birekdar v. Chrysler Group, LLC*, 499 Fed. App'x. 641, 648 (8th Cir. 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

Ultimately, "[f]ee awards are to be reasonable, reasonable as to billing rates and reasonable as to the number of hours spent[.]" *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989). Though a "reasonable [attorney's] fee is 'one that is adequate to attract competent counsel,' it should not provide windfalls to attorneys." *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "Hours that were not 'reasonably expended' must be excluded." *Vines v. Welspun Pipes, Inc.*, 4:18-cv-00509-BRW, 2020 WL 3062384, *2 (E.D. Ark. June 9, 2020) (quoting *Hensley*, 461 U.S. at 434). The court should exclude "excessive, redundant, or otherwise unnecessary" hours from the lodestar because:

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley*, 461 U.S. at 434.

The "result[ ] obtained" is the most important factor considered by the Court in determining fees. *Blum*, 465 U.S. at 888 (quoting *Hensley*, 461 U.S. at 434). If the plaintiff failed to achieve the goal of the litigation, reductions should be made. *Id.*; *see also Blanchard*, 498 U.S. at 94.

### A. The Court should reduce the amount of any fees awarded because plaintiff's requested hourly rates for his counsel are unreasonable.

Plaintiff requests fees at hourly rates of $383.00 for Attorney Sanford, $300.00 for Attorney Kinney, $300.00 for Attorney Stiritz, $285.00 for Attorney Rauls, $285.00 for Attorney Hamlet, $230.00 for Attorney Matlock, $210.00 for Attorney Lowery, $100.00 for paralegals, and $60.00 for other staff (Doc. 37-2, ¶ 18). Plaintiff's requested hourly rates are in excess of the prevailing rates for FLSA actions in the relevant market. *See, e.g.*, *Burton v. Nilkanth Pizza, Inc., et al.,* No. 4:19-CV-00307-BRW, 2020 WL 4939470 (E.D. Ark. Aug. 24, 2020) (reducing SLF's requested rates of $275 and $225 to $250 and $175); *Vines,* 4:18-CV-00509-BRW, 2020 WL 3062384, at *4 (finding that $250 was a reasonable rate for Attorney Sanford and $175 was a reasonable rate for Attorney Rauls); *Wolfe v. Arafa,* No. 5:17-CV-00245-DPM, Doc. 88 (E.D. Ark. Aug. 8, 2019) (reducing SLF's requested rates of $325 and $225 to $250 and $175); *Aubrey v. Zama, LLC.,* No. 4:17-CV-00446-JLH, Doc. 58 (E.D. Ark. Nov. 29, 2018) (reducing SLF's requested rate of $325 to $275). *See also Hill-Smith v. Silver Dollar Cabaret, Inc., et al.,* No. 5:20-CV-05051, 2020 WL 4741917 (W.D. Ark. Aug. 14, 2020) (reducing SLF's requested rates from $325, $225, and $190 to $300, $175, and $125); *Franklin v. Magnolia Flooring Mill, LLC,* No. 1:17-CV-01073, 2019 WL 2427952, at *4 (W.D. Ark. June 10, 2019) (finding that "some of the claimed

hourly rates are too high—namely the rates claimed for Mr. Sanford" and awarding $275 an hour); *Perez v. Mian Enterprises, Inc.,* No. 2:17-CV-02162, 2018 WL 10394810, at *2 (W.D. Ark. Oct. 26, 2018) (awarding $275 an hour, rather than the requested $325 an hour, to Attorney Sanford and $225 an hour to Attorney Rauls).

Plaintiff's reliance on the national average rate of plaintiff's attorneys is misplaced. "FLSA litigation is not so nuanced that a national rate would be justified. Furthermore, the Eighth Circuit has held that, '[a] reasonable hourly rate is usually the ordinary rate for similar work in the community <u>where the case has been litigated</u>.'" *Vines,* 4:18-CV-00509-BRW, 2020 WL 3062384, at *4 (quoting *Emery v. Hunt* 272 F.3d 1042, 1048 (8th Cir. 2001)). Notably, plaintiff points to only one case from the Eastern or Western District of Arkansas that approved certain hourly rates requested by his counsel; however, even the court in that case noted that "some of the rates are too high for this kind of case in this District." *Rodriguez v. Superior Real Estate Sols.,* No. 4:19-CV-405-DPM, Doc. 32 at 1 (E.D. Ark. Apr. 29, 2021) (finding that, after SLF zeroed out all hours billed by six of eleven attorneys, $14,833.81 represented a reasonable total for the work needed in a case with four named plaintiffs).

As discussed above, courts in the Eastern and Western Districts of Arkansas have time and time again found that the hourly rates requested for plaintiff's counsel are unreasonable. The hourly rates should be reduced to reasonable hourly rates that reflect the common rate in Arkansas for employment counsel in FLSA actions.

B. **The Court should reduce the amount of any fees awarded because some of the time presented is duplicative, inefficient, unnecessary and routine or administrative tasks that should not be billed.**

The Billing Spreadsheet submitted in support of plaintiff's motion includes a number of tasks that are duplicative, inefficient, unnecessary and routine, as well as administrative tasks that should not be billed (Doc. 37-1). While some of this is inevitable in any case, defendants should not have to pay for such "over-lawyering." *Quigley v. Winter*, 598 F.3d 938, 948 (8th Cir. 2010) (cautioning that "the complexity of issues in this case simply [do] not warrant the requested amount of 'lawyering'"); *see also Beasley v Macuil's Tire and Service Ctr., LLC,* No. 4:19-cv-00471-JM, 2020 WL 3472556, at *2 (E.D. Ark. June 25, 2020) ("The [SLF's] time records are replete with instances of objectionable billing practices, including an excess of intraoffice communications, duplicate document reviews by multiple lawyers, billing at lawyers' rates for clerical work, etc. The Court will not hold Defendants responsible for these billing practices."); *Vines,* 4:18-CV-00509-BRW, 2020 WL 3062384, at *6 ("SLF can disagree with whether overstaffing and micro-managing cases is a reasonable business practice, but defendants should not pay for the costly practice."). As such, fees billed for excessive in-house conferences, administrative tasks, routine or duplicative tasks and/or tasks that could have been performed by support staff should be eliminated or reduced.

Initially, the sheer number of timekeepers reveals the extent of over-lawyering by plaintiff's counsel. According to plaintiff's Billing Spreadsheet (Doc. 37-1), 13 timekeepers—including 10 attorneys—worked on this straightforward, single-plaintiff FLSA/AMWA case in which plaintiff's counsel did not take a single

deposition. As a result, multiple attorneys billed time for preparing, editing and/or reviewing the same documents (*e.g.*, review of filed motions and the Court's orders, review of correspondence from opposing counsel, preparation/editing/examination of discovery, examination of plaintiff's deposition transcript, etc.), and significant attorney time (40 hours, self-discounted to 18.9 hours) was expended on countless in house conferences/intra-firm communication and the preparation, drafting and/or review of "IOM" (intra-office memos, presumably). *See Bryan v. Mississippi County Arkansas*, No. 3:18-CV-00130-DPM, Doc. No. 68 (E.D. Ark. May 12, 2020) (reducing fee award where six lawyers and a law clerk were excessive, and "too much time was spent on conferences, meetings, call, and emails between lawyers"); *Cook v. Beemac Foods, LLC*, No. 2:18-CV-02155, 2019 WL 2418753, at *2 (W.D. Ark. June 10, 2019) (finding that "'[e]ven [p]laintiff's reduced invoices reflect unreasonable billing" like having 12 attorneys work on the case and entries reflecting intrafirm emails and conferencing among those attorneys).

In addition, plaintiff's counsel bill at attorney rates for performing tasks such as preparing or editing a summons for service, communicating with a process server, and reserving a conference room for plaintiff's deposition (Doc. 37-1), which are clearly administrative in nature and not recoverable. *See Beauford v. ActionLink, LLC*, No. 4:12-CV-00139 JLH, 2014 WL 183904, at *4 (E.D. Ark. Jan. 15, 2014) (eliminating fees for non-legal work). Plaintiff's Billing Spreadsheet also includes non-recoverable administrative work performed by staff (Doc. 37-1). Although most staff time has been reduced by plaintiff's counsel, plaintiff still requests $90 for 1.5 hours of staff billing—including fees billed for work also billed by an attorney (*e.g.*,

examination of filed complaint, review of initial scheduling order, etc.). *See Jones v. RK Enterprises of Blytheville, Inc.,* No. 3:13-CV-00252-BRW, 2016 WL 1091094, at *4 (E.D. Ark. Mar. 21, 2016), *aff'd,* 672 F. App'x 613 (8th Cir. 2016) ("Secretarial work on a case should not be billed to a client, nor to an opposing party in a fee-shifting case.").

Courts have repeatedly advised plaintiff's counsel against the overstaffing of cases, "which results in incessant, intra-office memos and conferences designed to unreasonably increase fees." *Vines,* 4:18-CV-00509-BRW, 2020 WL 3062384, at *4; *see also Burton*, No. 4:19-CV-00307-BRW, 2020 WL 4939470, at *4 n.27 (collecting cases); *Hill-Smith,* No. 5:20-CV-05051, 2020 WL 4741917, at *3 (same). The Billing Spreadsheet submitted in support of plaintiff's motion exemplifies a pattern of overstaffing cases and accruing excessive attorneys' fees with in house conferences and intra-firm correspondence that are unnecessary in a basic wage and hour case such as this.

Because some of the time presented by plaintiff in support of his request for for attorneys' fees is duplicative, inefficient, unnecessary and routine or administrative tasks that should not be billed, the Court should reduce the amount of any fees awarded.

### C. **The Court should reduce the amount of any fees awarded because some time is improperly block-billed or unclear.**

Multiple entries in plaintiff's Billing Spreadsheet are improperly block-billed or unclear. When fees are available, to assist the Court in making its determination, a "fee applicant bears the burden of establishing entitlement to an award … and

should maintain time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. A party seeking an award of fees should submit detailed and precise billing records supporting the hours worked and rates claimed as the trial court cannot assume that certain types of services require a certain amount of time. *Id.*; *see also H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) ("[I]mprecise billing records preclude any meaningful review by the district court of the fee application for excessive, redundant, or otherwise unnecessary hours and may make it impossible to attribute a particular attorney's specific time to a distinct issue or claim.") (internal quotations and citations omitted); *United States ex rel. Rille v. Hewlett Packard Co.*, No. 4:04-CV-989-BRW, 2011 WL 4625646, at * 3 (E.D. Ark. Oct. 5, 2011) (ordering a 15% reduction in fees on the basis of block-billing).

In this case, plaintiff's Billing Spreadsheet includes certain entries like the 1.8-hour billing entry entered on January 13, 2020, in which plaintiff's counsel block-billed work on preparing and drafting the complaint, client communication, and intra-firm correspondence (Doc. 37-1 at 1). Additionally, there are several billing entries for "Work on Client's file" that are block-billed—*e.g.*, on April 10, 2020, there is a 1.4-hour block-billed entry that includes work on a motion for extension of time, intra-firm correspondence, and preparation of exhibits; on April 13, 2021, there is a 1.0-hour block-billed entry in which counsel billed for work on "direct and cross time estimates/synopses, etc. – conferences with SG, AD, etc., re: same, prepare for service"; in late-May–early-June 2021, there is a 9.0-hour block-billed entry spanning a four-day period that includes work on the motion for recusal, petition for fees, and legal research, etc. (*Id.* at 4, 13).

Moreover, counsel for plaintiff's Billing Spreadsheet includes over 90 entries where the billing is unclear because the entry is entirely redacted or refers to unidentified individual(s) (*e.g.,* "Telephone Conference(s) with GS re: case initiation"; "Conference with JS, etc. re: Defendant"; etc.). Such entries require reductions of the lodestar. *See H.J. Inc.*, 925 F.2d at 260 ("Inadequate documentation may warrant a reduced fee."); *Vines,* 4:18-CV-00509-BRW, 2020 WL 3062384, at *7.

Given that some billing is improperly block-billed or unclear, the Court should reduce the amount of any fees awarded.

D. **The Court should reduce the amount of any fees awarded based on plaintiff's limited success.**

Although plaintiff has self-deducted a number of billing entries, awarding over $30,000.00 in fees would award plaintiff's counsel with nearly eight times more than what plaintiff stands to recover. Ultimately, plaintiff's lack of success warrants further reduction of the lodestar. And any time spent by plaintiff's counsel opposing defendants' motion for summary judgment should be eliminated to account for the Court's granting of summary judgment on all claims. *See Hensley,* 461 U.S. at 436-37 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for limited success."); *see also Brittany v. Bentonville Sch. Dist.*, No. 5:15-CV-5020, 2018 WL 1369923, at **8-9 (W.D. Ark. Mar. 16, 2018) (where the plaintiff did not prevail on all claims, reducing attorneys' fee award in part to reflect her limited success).

To determine the "success" of the litigation for purpose of calculating fees, the court compares "the relief sought versus relief obtained." *Phillips v. Weeks*, 586 F.

Supp. 241, 243 (E.D. Ark. 1984). Multiple courts have reduced attorney fee awards based on overall limited success in FLSA actions, as well as lack of success on specific issues. *See, e.g.*, *Burton,* No. 4:19-CV-00307-BRW, 2020 WL 4939470, at *5 (deducting time spent by SLF opposing a motion for extension of time and a motion for continuance because the plaintiff was not successful on either of those issues); *Campbell v. Northwest Health & Rehab, Inc.*, No. 4:12-CV-00176 DPM, 2014 WL 3925231, at **2-3 (E.D. Ark. Aug. 11, 2014) (reducing counsel's fee request by 59% due to the plaintiffs' lack of success and "excessive, redundant, or otherwise unnecessary" billing entries); *Baxter v. Automated Gate Systems, Inc.*, No. 6:09CV350-Orl-18KRS, 2011 WL 1790330, at *4 (M.D. Fla. May 10, 2011) (reducing attorney fee lodestar calculation of $4,257.00 to $1,120.00, an approximate 74% reduction, where FLSA plaintiff recovered only $1,120.00 in a settlement after initially seeking $40,000.00 and rejecting the defendant's first two offers to settle).

Plaintiff pursued only his individual claims in this matter and sought between $12,351.38 and $83,867.50 in damages (Doc. 14-4). It was not until after this Court ruled that his claims failed as a matter of law that plaintiff accepted defendants' offer of $4,000.00, far less than what he sought in the late stages of litigation. While judgment was later entered in plaintiff's favor, as this Court stated, it is "troublesome that a rule technicality would trump a summary judgment order" (Doc. 32 at 3).

Given plaintiff's limited success and the fact that the Court's initial judgment in defendants' favor was vacated on a technicality rather than the merits of plaintiff's claims, the amount of any attorneys' fees awarded should be reduced accordingly.

### E. **The Court should reduce the amount of any fees awarded because plaintiff is not entitled to any fees accrued after April 23, 2021.**

No time billed by plaintiff's counsel after defendants served the offer of judgment is recoverable under the express terms of the offer (Doc. 37-1 at 14–18). "An offer of judgment is generally treated as an offer to make a contract." *Hennessy v. Daniels L. Off.*, 270 F.3d 551, 553 (8th Cir. 2001). When an offer of judgment unambiguously limits the recovery of attorney's fees—as in this case—"'courts should honor that limitation.'" *Maher v. Barton*, No. 4:13-CV-2260 CEJ, 2014 WL 1316936, at *3 (E.D. Mo. Apr. 2, 2014) (quoting *Stephens v. Cirrincione,* No. 11 C 6354, 2012 WL 2872448, at *3 (N.D. Ill. July 11, 2012)); *see also* Fed. R. Civ. P. 68(a) (a defendant may make an offer of judgment "on specified terms, with the costs then accrued").

In *Maher*, the offer of judgment at issue stated that "'Plaintiffs' reasonable court costs and reasonable attorney's fees, *now accrued* and in connection with Plaintiffs' prosecution of the claims made in Plaintiffs' Complaint against Defendants in this action, are to be added to the Judgment against Defendants....'" *Maher*, No. 4:13-CV-2260 CEJ, 2014 WL 1316936, at *3. The district court found this statement to be unambiguous and declined to award any fees accrued after service of the offer. *Id.*; *see also Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995) (affirming that the plaintiffs' acceptance of the offers of judgment, which limited attorney's fees to those accrued prior to the date of the offers, "clearly and unambiguously waived attorney's fees incurred thereafter"); *Burchell v. Green Cab Co., Inc.*, No. 5:15-CV-05076, 2016 WL 894825, at *3 (W.D. Ark. Mar. 8, 2016) (discounting fees incurred

after the date of the offer where the offer explicitly stated that no attorneys' fees or costs were recoverable after such date).

Like the offer of judgment in *Maher*, defendants' offer unambiguously allows for "an award of reasonable attorneys' fees and costs **now accrued** ... to be determined by the Court" (Doc. 25-1) (emphasis added). By accepting defendants' offer of judgment, plaintiff also accepted that specific term of the offer.[3] Accordingly, the Court should not award plaintiff's counsel any fees incurred after April 23, 2021, the date of service of the offer.

### F. The Court should reduce the amount of costs awarded because plaintiff used a private process server.

Plaintiff's request for costs includes $825.00 for use of a private process server, which is not a recoverable expense. *See Rodriguez,* No. 4:19-CV-405-DPM, Doc. 32 at 2 (citing *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985)). Accordingly, plaintiff should not be awarded the full amount of costs he requests.

### III. CONCLUSION

Based on the unreasonable hourly rates requested and issues in general with the fees/costs requested, the results obtained in the case, and the plain language in defendants' offer of judgment limiting the recovery of fees, the Court should significantly reduce plaintiff's request for $30,681.70 in attorneys' fees and costs.

---

[3] Plaintiff did not reserve in his notice of acceptance the right to pursue attorneys' fees related to litigating the issue of fees (Doc. 25). *See O'Quinn v. Country Inn, Inc.*, 412 F.Supp.3d 1036, 1037–38 (W.D. Ark. 2019) (allowing recovery of fees incurred post-service of the offer where SLF explicitly reserved in the Notice of Acceptance of Offer of Judgment the plaintiff's right to pursue attorney's fees related to litigating the issue of fees, to which the defendants did not object).

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL:  jkim@wlj.com
         dljones@wlj.com


By: Jane A. Kim (2007160)
    Daveante Jones (2016163)

*Attorneys for Defendants*